good morning and may it please the court Elizabeth Newman for appellant Steven Prowler your honors I'd like to focus first on the procedural aspects of the sentence in this case because in this case the district court based the sentence partly on factors as to which it made clearly erroneous findings and partly on factors that it found to be aggravating excuse me when they were not and that is procedural error under under CARTI. Turning first to the victim impact statements which I think is the most significant of the procedural errors although I would also argue that all of them in combination are significant as a group and that and that this makes even the perhaps less significant errors significant because they can be grouped to be more significant than the victim impact statements. The court in this case said that the harm to the victims was unquantifiable and enduring and cited that as an aggravating factor and a reason to increase the sentence here above the guideline range of 151 to 188 months to a total of 300 months imprisonment. The court said that on 173 of the excerpts but when you look at the victim impact statements themselves what you see is that the victims reported that they suffered no damage at all their psychological health was unimpaired, their physical health was unimpaired, their social relations were unimpaired, their appetites were unimpaired, their sleep was unimpaired, they weren't depressed, one said his sense of humor was unimpaired, they weren't suffering from any kind of family relationships were unimpaired, they were saying that they were basically unchanged from this from what they had experienced and the government significantly has... How old were these children at the time of those statements? At the time of the statements let me see the statements were around 2009 I think so some of these were no longer children I think some were over the age of majority over 18 at this time and the others would have been older teenagers 16, 17. Now the government never asked for any restitution in this case which meant that under the government's own thinking there was no need for any kind of therapeutic or educational or occupational help resulting from the facts of this offense and here when the court when the district court says these were such bad acts that you can't even quantify the harm, the harm to the victims was unquantifiable and that was aggravating meaning that it's unquantifiably huge and not unquantifiably small. When the victims themselves report no harm of that nature whatsoever that is or that results in a sentence the basis of which is simply clearly erroneous because it's not plausible there's no foundation for it in the record that was in front of the district court. The court also based the sentence partly on what it meant to go overseas and have illicit sexual contact with minors but the statute itself is the statute itself that was the reason that Mr. Crowler was before the district court in the first place he pled to count four as well as count ten and under count four in order to make a factual basis he had to admit and he did admit without any problem that he had gone overseas with with the intention with the purpose of having illicit sexual contact with a person under the age of 18 that was the factual basis for count four and if he hadn't admitted to that he couldn't have made a factual basis to count four and so for the district court to use that as an independently aggravating factor is clearly erroneous it is a mischaracterization of the nature of the offense because it uses the offense itself as an independently aggravating factor to the offense itself why wasn't the judge just looking at the underlying circumstances the nature of the offense the judge did look at the underlying circumstances and said so your honor but what the judge also did and also said was that she was also looking excuse me at these other circumstances the language that she used both in her oral pronouncement of sentence and to some degree in her written order that she issued after the sentencing hearing both show that she considered as independently aggravating the statute itself the fact that he kept a diary and the fact that he had entered a guilty plea I don't think that I think that it's a fair reading to say that she considered that based on what she said that these were independently aggravating things if you look for example at page 122 and 123 of the excerpts you see that she says he kept a diary the handwritten notes these are factors and she goes on to describe the things that are reflected in the diary which she also uses in which we're not contesting as proper or improper basis for enhancing the sentence but she also says the diary on 173 of the excerpts which is her written order she says again that this was a very significant thing that he he kept handwriting written daily journals the entrance the entries included graphic descriptions and she says on 122 the diary the handwritten descriptions the recruiting of some youngsters and so forth these are all factors the court has considered she's saying that the diary itself is a factor that the court has considered but the diary of course is just a diary and even even in the sections that the government has provided in its sealed excerpts which of course the government has provided in order to show the improper sexual contact that mr. Prowler had you think she might have been concerned by the content of the diary what he wrote in the diary what he wrote was an account of his improper sexual contact but he things as well obviously and that's that's reflected even in the excerpts the sealed excerpts that the government provided he wrote about his events that happened at the school where he taught for example on sealed excerpt 88 he talks about his frustration that someone seems to have made off with some of his school supplies he talked about US election returns and how he monitored them on sealed excerpts 89 he talked about spending time with a friend an sealed excerpts 91 and how they watched Lord of the Rings and how he borrowed a cross be stills a Nash album or a tape I mean his diary is just a diary she does talk independently about the facts that the diary also contains about the things that he did for which he was in front of the district court to be sentenced but to say that it's independently aggravating that he kept a diary or that he entered a guilty plea or that he violated the statute is simply to mischaracterize the 3553 a factors in this case if the court has no further questions about this issue I'll reserve the rest of my time thank you good morning your honor I'm assistant United States Attorney Sherrilyn Garnett and I represent the government in this case this court should affirm the 25-year sentence imposed on mr. Prowler the court did not abuse its discretion in imposing the above-guidelines sentence and the sentence was both procedurally and substantively reasonable I'll address some of the comments made by the appellant in this case first the diary was not simply a diary it contained content of the abuse that mr. Prowler inflicted upon these minor victims the diary and I read every word of the diaries that he put together it documented the extent and duration of the child exploitation that mr. Prowler was engaged in and the court's comment regarding the diary from the context of the comment it is clear the court was referring to the content of the diary in fact the court specifically acknowledged one of the arguments that the government had made based on excerpts directly from the diary that defendant had paid other minors to other minor victims who had become older 15 or 16 to go out and find younger minors as young as 12 or 13 that he could subsequently exploit that information came only from the diaries Prowler subsequently admitted it but it was clear from the information that judge Marshall saw the diary was discussing the contents of the diary as to the victims of the offense in this case judge Marshall found that they may not have understood the full impact of the harm that that mr. Prowler's conduct had caused these were young boys and at the time of the victim impact statement some of them were still just 15 16 or 17 years old they were paid for sex and again may not understand that they were engaging in an adult act and that it could have an emotional impact on them judge Marshall was entitled to look at this information and come to the conclusion that it wasn't a mitigating factor but an aggravating factor and that's exactly what she did it was a reasoned decision and it should be entitled to deference with respect to any other procedural errors the government it's the government's position there were no procedural errors in this case both parties agree that the guideline calculations were correct this time around and those calculations alone would result in a sentence of more than 10 years in fact that the guidelines would be 151 to 188 months in this case judge Marshall also recognized that the guidelines were advisory and she she also looked at very carefully looked at the 3553 a factors in this case and determined that the factors that she acknowledged in both her oral and written pronouncement were aggravating factors and again her decision was based on a reasoned and sound judgment and it's entitled to deference in this case so unless the court has any specific questions regarding now we do have there was some problem with the way in which you frame the special conditions I will address that your honor first of all a supervised release yes yes your honor there were there are specific conditions that the parties are still contesting on appeal the defendant did not object before the district court to those particular conditions I believe it was condition for 15 and 17 and so those conditions should be reviewed for plain error and in this case the defendant has not shown with respect to conditions 15 and 17 occupational or so-called occupational restrictions that those conditions that he was prejudiced by those conditions is not shown that the had the district court made specific findings regarding those restrictions that the outcome would have been different in this case the defendant it's the government's position that defendant was incarcerated prior to him being arrested on the offense that is it issue in this case and so he wasn't employed at the time that he engaged or excuse me at the time of his arrest so the particular the enhanced I'm sorry the higher standard for looking at occupational restrictions would not apply here but even if the court were to apply it again he has not shown prejudice with respect to the computer restrictions it is clear that the defendant used a conduct he admitted that he went to an internet cafe and uploaded images of child pornography the government also pointed out in its briefs that the defendant had used a computer to share his collection of photographs of the children that he exploited with at least one other predator he also downloaded that predators collection to his own computer so it's clear that the conduct that he's charged with and was convicted of and so the computer related restriction is appropriate in this case and is not a significant restriction on liberty again if the court has any additional questions I'd be happy to ask them at that time otherwise I've reserved the time all right thank you weren't there several conditions where there's no issue is to there were conditions I think by the nine yes Ron they were in the judgment order but they weren't in the judges oral pronouncement yes and the government agrees that to the extent that that the written conditions conflict with the oral pronouncement that that should be changed we just have to say we vacate that and send it back for her to do what's required yes your honor or this court well it everybody agrees as to what changes should be made so yes you could just vacate it just address briefly the supervised release conditions particularly the occupational restrictions 15 and 17 the government's has said that they're they're not really occupational restrictions or they don't matter or the court made findings and that's not true there are two conditions that have to be made before occupational restrictions may be imposed that is the court has to find a relatively a reasonably direct relationship between the offense conduct and the occupation and there was none here mr. Prowler was a teacher and there's no evidence anywhere that he ever sexually approached a child in that in within his school community or and then the court also has to find have to have has to have reason to believe that the there's no way to find that in this case and of course the district court didn't find it on the plane error issue and the harm of the prejudice to mr. Prowler on this plane error review the conditions affect mr. Prowler substantial rights because they affected the outcome of the district court proceeding and I would I would point the court to us versus Barsoomian and us which both find plane error prejudice with respect to supervised release conditions for that very reason and they also seriously affect the fairness of the sentencing proceedings because they're sentencing conditions that were imposed without adequate justification which again is what this court said in United States of America versus Prowler thank you counsel we appreciate your arguments our next case on the calendar was Emma versus Astor but that's submitted on the briefs our next two cases involving Fidel machinery five five seven one nine and five six four nine four are submitted on the briefs our session for this morning thank you all very much
judges: Conlon, Pregerson, Paez